United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY FRANCIS MUNIGETY, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04482 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Anthony Francis Munigety filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 5, 2026. Dkt 1. He contends that he legally entered the United States on a prior date and that his present detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Id at 2, 6–7. He also asserts that he's being subjected to "inefficient" medical treatments. Id at 7.

Prior order noted the petition appeared to raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–4. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5.

Petitioner filed a response. Dkt 5. He clarifies that he entered the United States on a B1/B2 visitor visa in 2014. Id at 1. Documents attached to the response show that the visa expired in November 2015. Dkt 5-1 at 4. In April 2018, he applied for asylum under the Convention Against Torture. Id at 8. That application was still pending when he was detained in January 2026. Dkt 5 at 2.

Petitioner was given a bond hearing after being detained, but he contends that the findings relied on to deny bond weren't supported by the evidence. Ibid. He also contends that his application for asylum under the Convention was denied based on improper credibility determinations. Ibid. He asserts that he should be released because his pending appeal of the removal order precludes any likelihood of removal in the foreseeable future. Ibid. He also contends that his chronic health issues aren't being properly treated. Id at 2–3.

The Government was ordered to state its position as to Petitioner's claims and also with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 7.

Pending is a motion by the Government for summary judgment. Dkt 8. It maintains that (i) Petitioner is detained under 8 USC §1226(a), (ii) bond was denied after hearing, and (iii) removal proceedings aren't yet final. Id at 3–5. It also contends that no jurisdiction exists for review of either the bond order or removal order. Ibid. And it further notes that Petitioner is currently a defendant in a pending multi-count criminal action. See *United States v Munigety, et al*, 4:21-cr-00595 (SD Tex).

*As to the bond order,* §1226(e) specifically prohibits a court from reviewing a decision under §1226(a) regarding denial of bond. See also *Bustamante v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." As such, no jurisdiction exists to review the order denying Petitioner's request for release on bond.

*As to the denial of asylum,* claims under the Convention Against Torture "are addressed in the first instance by an immigration judge." *Riley v Bondi*, 606 US 259, 279 (2025) (Thomas, J, concurring). The decision by the IJ may then be appealed to the Board of Immigration Appeals. Ibid. Judicial review of a decision under the Convention isn't available in a federal court until the BIA has denied such relief. Id at 271. And even then, it's available only in a

federal circuit court. 8 USC §1252(a)(4). As such, no jurisdiction exists to review the order denying Petitioner's claim under the Convention Against Torture.

*As to the likelihood of release,* the petition and its attachments make clear that Petitioner's removal order is not yet final. As such, the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas v Davis,* 533 US 678 (2001), hasn't yet begun.

*As to claims regarding medical care,* they aren't properly raised in this *habeas corpus* action. *Solano-Hurtado v Garcia*, 2026 WL 916966, *3 (SD Tex): "Conditions-of-confinement claims improperly raised in a *habeas corpus* petition must be dismissed for lack of jurisdiction." Any such claims must instead be raised in a civil rights action. See *Melot v Bergami*, 970 F3d 596, 599 (5th Cir 2020).

It is noted that Petitioner's circumstances as reflected in the record are no doubt sympathetic. But that alone cannot establish that his current detention violates either the Constitution or federal law. As such, relief on *habeas corpus* simply isn't available.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Anthony Francis Munigety is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

A final judgment will enter separately.

SO ORDERED.

Signed on July 28, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge